IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALONZO MORRIS, | § | |
| | § | |
| Defendant Below, | § | No. 122, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1206005058 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 30, 2025
Decided: September 3, 2025

## ORDER

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Alonzo Morris, appeals from the Superior Court's order denying his motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(2)     In October 2012, while serving a twenty-seven-year sentence for first-degree assault and possession of a deadly weapon during the commission of a felony, Morris pleaded guilty to promoting prison contraband (a cellular telephone). The State later filed a motion to declare Morris a habitual offender. On January 11, 2013,

the Superior Court granted the motion and sentenced Morris to four months of imprisonment on the charge. Morris did not appeal.

(3) In March 2025, Morris filed a motion for correction of an illegal sentence under Superior Court Rule of Criminal Procedure 35(a). He claimed that his sentence for promoting prison contraband is illegal because it was enhanced based on facts not found by a jury, in violation of *Erlinger v. United States*.[1] The Superior Court denied the motion because Morris agreed in the plea agreement that he had been convicted of burglary and kidnapping in 1995, second-degree assault in 1997, and first-degree assault and possession of a deadly weapon during the commission of a felony in 2002 and that he was therefore subject to sentencing under 11 *Del. C.* § 4214(a). The court also concluded that Morris's sentence was not enhanced, because his four-month sentence was within the sentencing range for the crime. Morris has appealed to this Court.

(4) We review the denial of a motion for correction of an illegal sentence for abuse of discretion, although questions of law are reviewed *de novo*.[2] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory,

---

[1] 602 U.S. 821 (2024).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5)    We agree with the Superior Court's determination that Morris's sentence is not illegal.  When Morris committed the offense for which he received the habitual-offender sentence, Section 4214(a) provided in relevant part:

> Any person who has been 3 times convicted of a felony, other than those which are specifically mentioned in subsection (b) of this section, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony of this State is declared to be an habitual criminal, and the court in which such 4th or subsequent conviction is had, in imposing sentence, may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted.[4]

Because Morris's offense was a class F felony,[5] Morris was subject to a sentencing range of zero years to life if he had three prior felony convictions.[6]

(6)    In *Erlinger*, the United States Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] 11 *Del. C.* § 4214(a) (effective June 1, 2012, to July 2, 2013).

[5] *See id.* § 1256 (effective July 16, 2008, to Sept. 7, 2017) (providing that promoting prison contraband was a class F felony if the contraband was a deadly weapon or a cellular telephone or other prohibited electronic device).

[6] *See id.* § 4205(b)(6) (effective June 30, 2003, to present) (establishing a sentencing range of zero to three years for a class F felony); *id.* § 4214(a) (effective June 1, 2012, to July 2, 2013) (authorizing a sentence up to life imprisonment if the defendant had three prior felony convictions).

3

doubt" *or* "freely admitted in a guilty plea."[7]  As part of his plea agreement, Morris admitted the facts that made him subject to habitual-offender sentencing under Section 4214(a).  His sentence therefore is not illegal under *Erlinger*.

(7)  Morris argues that the Superior Court erroneously relied on the plea agreement, because he was misinformed about his ability to contest his eligibility for habitual-offender sentencing.  He also contends that his admissions in his guilty plea did not address the requirement that the prior convictions occurred on separate occasions.  Morris did not present these arguments to the Superior Court, nor has he asserted on appeal any grounds on which he could have contested his habitual-offender eligibility.  More specifically, he has not articulated a factual basis on which he could argue that his prior felonies—of which he admitted he was convicted in 1995, 1997, and 2002—did not constitute successive prior convictions under Section 4214(a).[8]  Moreover, as the Superior Court observed, although the court determined that he was eligible for habitual-offender sentencing, it did not impose an enhanced

---

[7] *Erlinger*, 602 U.S. at 834 (internal quotations and alterations omitted).

[8] We note that the *Erlinger* Court used the phrase "separate occasions" to describe the provisions of the Armed Career Criminal Act.  The version of Section 4214(a) applicable in this case required that Morris had been "3 times convicted of a felony."  This Court previously rejected Morris's claim that because he "had not completed his sentence for PDWDCF and assault (the third set of convictions that formed the basis of the State's habitual-offender motion), the Superior Court impermissibly relied on those convictions to declare him a habitual offender." *See Morris v. State*, 2023 WL 3675795, at *1 (Del. May 25, 2023) ("[T]he habitual-offender statute does not require that the defendant *complete* his sentence for a predicate conviction before the conviction may be used to enhance his sentence—it requires only that the predicate convictions be successive and that the defendant have some opportunity for rehabilitation after each sentencing.").

4

sentence; in the end, the court sentenced Morris within the statutory range for the offense.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

5